McIlvaine, J.
We have considered three questions arising on this record.
1. Can the plaintiffs maintain an action under the statutes .above quoted ?
It was decided in Craig v. Heis, 30 Ohio St. 550, that assessments under the Two-Mile Road Improvement Acts constitute a lien upon the lands assessed. In addition to the arguments found in the opinion in that case, I will name one or two considerations tending to the same conclusion. In Dreake v. Beasley, 26 Ohio St. 315, it was held that these assessments were not a personal charge against the owner of lands assessed, hence, the charge, or lien upon the land, is the only security provided for their payment. Again, the act of April 11, 1876 (73 Ohio L. 218), gives to the treasurer of the county the right to enforce the lien of taxes and assessment by action. Assessments under the Two-Mile Improvement Acts have uniformly been regarded as within the meaning of this act.
The lien being shown to exist, it must exist in favor of the state. These road improvements are state improvements, worked out through instrumentalities employed by the state. The power of taxation or assessment is in the state, and is put in operation by the state. And section 53 of the tax law of 1859, as amended February 25, 1862 (S. & S. 762), declares, “ That the lien of the state for taxes levied for all purposes,” &c. The lien for these assessments must be regarded as the lien of the state.
No other objection to the right of the plaintiffs to this action being made, the first question must be answered in the affirmative.
2. May parol evidence be offered to help out the defective description, on the duplicate, of the lands assessed ?
In respect to this question it must be assumed that the defendant was the owner of lands within two miles of the improvement ; that these lands were benefited, and ought to have been, and, in fact, were, assessed for the payment of the same.
The viewers, whose duty it was to report the lands subject to assessment, made report, and, among others, reported as follows:
*382 Owner’s Name.
Samuel Sollars.
Original Quantity.
1000.
No. of Entry.
1838.
Water Course.
Rattlesnake.
Original Owner.
Wm. Cherry.
Acres.
300
By this description a parcel of the land assessed was placed . upon special tax duplicate for collection as other taxes.
It is conceded that the description is insufficient to suppoi’t a tax sale. And, on the other side, it is admitted that if the tax levied had been for general revenue, parol evidence, in such an action as this, might be admitted for the purpose of identifying the land subject to the lien. We can perceive no substantial difference between the cases which could vary the rule as to the admission of evidence in aid of the description contained on the duplicate.
When the purchaser at a tax sale relies upon a legal title acquired thereunder, the policy of the law requires that he should show by record evidence that every essential proceeding was had in conformity to the requirements of the statute. But when the suit is brought under authority of the state, to recover money paid for defendant’s use, and which, in equity, he ought to have paid, a court of equity will inform itself, by parol testimony in aid of the record, of the existence of every fact necessary to sustain the plaintiff’s suit.
If all the proceedings necessary to charge the lands described in the petition with the payment of these assessments were, in fact, conducted in accordance with law by the officers having duties to perform in relation thereto, save only that the description reported by the viewers, and placed on the duplicate, was imperfect, we think there can be no doubt that the case is within the statute, and parol evidence should be heard for the purpose of identifying the lands actually assessed.
3. The fifty per cent, penalty on the amount actually paid at tax sale cannot be recovered in this action. Such penalty is only assessable on redemption of the lands by the owner. The defendant had no occasion to redeem, as he lost nothing by the sale. Johnson v. Stewart, 29 Ohio St. 498.

Cause remanded to district court, with directions to proceed to final trial and judgment in accordance with this opinion.